*Criminal law* ☞1159(5)—Verdict of jury on conflicting evidence held conclusive on appeal.

Jury's verdict of conviction on testimony that appellant was seen by officers in act of manufacturing liquor, that he fled on their approach, but was soon afterwards arrested, contradicted by evidence of an alibi, *held* conclusive on appeal.

Appeal from District Court, Gonzales County; Lester Holt, Judge.

Joe Tichvocky was convicted of the unlawful manufacture of intoxicating liquor, and he appeals. Affirmed.

Bagby & Kacir, of Hallettsville, for appellant.

Sam D. Stinson, State's Atty., of Greenville, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

MORROW, P. J.  The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The state's testimony is definite to the effect that the appellant was seen by the officers in the act of manufacturing intoxicating liquor; that he fled upon their approach, but was soon afterwards arrested. His identity is definitely vouched for by two witnesses in behalf of the state. Appellant set up an alibi. Upon this issue the decision of the jury is conclusive upon this court. There is nothing in the record suggesting that in the trial of the case the rules of law and practice were not observed.

The judgment is affirmed.

---

**GIBSON v. STATE.    (No. 9406.)**

(Court of Criminal Appeals of Texas.  Nov. 4, 1925.)

*Criminal law* ☞572—Conflicting evidence held to sustain conviction of unlawful manufacture.

Evidence that accused and another were discovered by officers in the act of manufacturing intoxicating liquor *held* to warrant conviction of unlawful manufacture, notwithstanding positive testimony of alibi.

Appeal from District Court, Gonzales County; Lester Holt, Judge.

Ira Gibson was convicted of the unlawful manufacture of intoxicating liquor, and he appeals. Affirmed.

Bagby & Kacir, of Hallettsville, for appellant.

Sam D. Stinson, State's Atty., of Greenville, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

MORROW, P. J.  The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

This is a companion to the case of Tichvocky v. State (No. 9407) 277 S. W. 130, this day decided. Appellant and Tichvocky were discovered by officers in the act of manufacturing intoxicating liquor. The appellant's identity was declared by each of the two state witnesses. Appellant interposed the defense of alibi, supported by his own testimony and by that of his wife.

There are no complaints of any of the rulings of the court, save of the refusal of a new trial. The conflicting issues were settled by the jury against the appellant. The evidence is quite sufficient to support the verdict.

The judgment is affirmed.

---

**McDONALD v. STATE.    (No. 9204.)**

(Court of Criminal Appeals of Texas.  June 17, 1925.  Rehearing Denied Nov. 25, 1925.)

1. **Criminal law** ☞1097(5) — Exceptions to and refusal of charges not considered in absence of statement of facts.

Exceptions to charges and refusal of requested charges cannot be considered in absence of a statement of facts.

On Motion for Rehearing.

2. **Criminal law** ☞1171(1)—Argument of district attorney not prejudicial even though inaccurate.

Argument of district attorney that, if accused picked up jug of whisky and placed it in a car, he would be guilty of transporting it, *held* not prejudicial in view of evidence clearly showing illegal transportation by accused.

Appeal from District Court, Throckmorton County; Bruce W. Bryant, Judge.

Waldon McDonald was convicted of transporting intoxicating liquors, and he appeals. Affirmed.

V. L. Shurtleff, of Breckenridge, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

LATTIMORE, J. Appellant was convicted in the district court of Throckmorton county of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

[1] The record is before us without any statement of facts. There are many exceptions to the charge of the court, and many special charges requested; but it is impossible for us to appraise the effect of any of them in the absence of a statement of facts. We find nothing in the bills of exception raising or presenting any error which can be held by us hurtful or injurious to the rights of appellant in the absence of a statement of facts.

Finding no error in the record, the judgment will be affirmed.

### On Motion for Rehearing.

[2] Alleged error in a part of the argument of the state's attorney, and the court's refusal to give a special charge instructing the jury not to consider same, form the main point in this motion. From bill of exceptions No. 7 we learn that the district attorney said to the jury:

"When he got it from Brown—arguing on his theory—when he got it from Brown, he knew that he would have to transport it to get it back to town. * * * If he picked it up off of the ground and moved it from the ground into the car, he has transported it from one point to another, and he is guilty of transportation."

No objection was made to this in the presence of the jury, but a special charge was asked and refused, which is as follows:

"The statement of the district attorney made in argument, that if the defendant picked the jug of whisky up from the ground and placed it in the car he would be guilty of transporting, is a misstatement of the law and you will not consider same for any purpose."

If the statement of said attorney as to the law of the particular act then being discussed was erroneous—which fact would depend on what other testimony might show—it would not be reversible error unless upon the whole case it should appear that such statement may have affected injuriously the rights of the accused. We say which fact would depend upon others, for if it appear, as it does in this case, that the act of appellant in placing the liquor in the car was but one of a series of acts which taken together would show that appellant, or appellant with others, transported the liquor some distance in said car, the statement of the district attorney would seem correct, or at least not materially incorrect.

The question becomes somewhat academic, however, in view of the facts of this case. Jones and Powell swear that they drove to a certain place about a mile and a half from town, and that there appellant with a jug of whisky got into their car and rode back to town with them; that from the jug he sold each of them part of its contents, one averring that he paid $1, and the other $1.50, for what whisky he got. This so clearly makes out a case of illegal transportation of whisky as that the remark of the district attorney would seem incapable of harm.

We might further observe that appellant seems guilty under his own testimony. He asserted that Jones and Powell wanted him to get them whisky and that he agreed to do so; that he went to a bootlegger named Browning, from whom he got the whisky in the jug; that he paid $4 of his own money for it; that a man named Wilson went with him, and that Wilson got no whisky; that after he (appellant) paid said bootlegger he and Wilson left the place where he got the whisky, together. Appellant testified: "I had this whisky; Wilson carried the jug." He also admitted that they carried the whisky to where the state witnesses met them in the car; that the whisky was placed in the car by Wilson; that he and Wilson got in the car and rode back to town; that after they got to town one of the state witnesses paid him $1.50, at which time and place said party got some of the whisky out of the jug in a soda pop bottle. He also said he had been paid nothing for the rest of the whisky, had not asked any one to pay him for it; that they all drank out of the jug, and after the jug was empty they threw it away. The transportation of the whisky to the place where they met the others, the placing of same in the car and accompanying it back to town, all of the party drinking from said jug as they went, would seem to fully make out the case aside from the positive testimony of the state witnesses to the fact that appellant brought the jug to the car and put it in and accompanied it back to town as his own property, and that the only way they got any of the contents of the jug was to pay for same. There was no error under the facts in the refusal of the other special charges.

The motion for rehearing must be overruled.